

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 13, 1965

Honorable Jack N. Fant
County Attorney
El Paso County Courthouse
El Paso, Texas

Opinion No. C-482

Re: Whether the Commissioners
Court of El Paso County has
the authority to grant an
easement for construction
of a natural gas underground
pipeline across Ascarate Park,
a county-established park,
Dear Mr. Fant:                under the facts stated.

You have requested the opinion of this office as to
whether the Commissioners Court of El Paso County has the au-
thority to grant an easement for construction of a natural gas
underground pipeline across Ascarate Park. You advise us that
on October 11, 1937, Cordell Hull, as Secretary of State of
the United States, conveyed a certain tract of land to the
County of El Paso for public recreational purposes. In examin-
ing this conveyance we note that the term "public recreational
purposes" is repeated several times, and that there is contain-
ed therein a reversionary clause, by virtue of which the land
is to revert to the United States in the event "that the County
of El Paso shall cease to utilize the said described premises
wholly for public recreational park purposes. . ." (emphasis
supplied). The land conveyed by this deed has been and is now
known as Ascarate Park, and has been and is now operated and
maintained by the County of El Paso as a public park. A natural
gas company has applied for an easement to install an under-
ground gas pipeline across a part of Ascarate Park, and you seek
our advice as to the propriety of the granting of this easement,
in view of the reversionary clause contained in the conveyance
from the United States Government.

We have been favored by several able briefs by the various
parties involved in this question. In one of these briefs, it was
contended that Article 2351, Vernon's Civil Statutes, provides
the authority whereby the County of El Paso may properly grant

-2281-

Hon. Jack N. Fant, page 2 (C-482)

this easement, for the reason that Section 19(e) thereof author-
izes the county to sell, lease or exchange land received from
the Federal Government. This contention must fall, for the rea-
son that Section 19(b) thereof authorizes the county to bind it-
self to comply with any and all terms and conditions imposed by
the Federal Government as a prerequisite to the transfer of the
land. The County of El Paso, in this case, bound itself to pre-
serve the land wholly as a public recreational area. It would
appear that the contract, standing alone, would operate to forbid
the county to make any use of the land inconsistent with a wholly
public recreational use.

If further authority were needed, we have only to look
to the case of Zachry vs. City of San Antonio, 157 Tex. 551, 305
S.W.2d 558 (1957). In an exhaustive opinion, Justice Griffin re-
viewed the law surrounding the uses which may be made of land
which has been dedicated as a public park, as has Ascarate Park.
In this particular area of the law, it does not appear to matter
whether the governmental agency involved is a city or a county;
the same limits are imposed upon both types of governmental unit.
In Zachry, which dealt with a lease to build an underground park-
ing garage beneath Travis Park in San Antonio, it was held that
the City had no power to lease where there had been a dedication
to public park usage. Admittedly, in the Zachry lease there
would have been a loss to the public of approximately one-fourth
of the park area; the decision of the Court was not based upon
the loss factor, but upon the City's lease in violation of the
dedication to the public. Justice Garwood's concurring opinion
stated that he would have reached a different result from the
majority had the lease involved only the sub-surface, and result-
ed in no loss of land to the public use.

In the particular case before us, it is apparently not con-
templated that there would be any diminution of the land area
available to the public. Nevertheless, it is the opinion of this
office that the easement in question would not be consistent with
the wholly public recreational use insisted upon by the contract
to which El Paso County bound itself, and to which Ascarate Park
has been dedicated.

## SUMMARY

Ascarate Park is dedicated to wholly
public use both by contract between El Paso
County and the Federal Government, and by
the actions of the Commissioners Court of
El Paso County. The Commissioners Court has
no power to grant an easement across the

Park to a private corporation for the installation of an underground natural gas pipeline, for such an easement would not be consistent with a wholly public recreational use of the Park.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
Linward Shivers
Milton Richardson
Ralph Rash
C. L. Snow

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright